will pay you the commission if I will buy the house." Within a few days thereafter the defendant and his daughter purchased the house.

The learned court below seems to have been of opinion that, because the house was purchased by defendant and his daughter, the commission had not been earned. In this I think he overlooked the express term of the agreement, as testified to by the plaintiff, to the effect that it was contemplated from the outset that the house should be bought by defendant in conjunction with his daughter. Moreover, it cannot be said in any event that such a purchase was not one in conformity with the agreement that the commission should be earned if defendant bought the house. Plaintiff having established a prima facie case, it was error to dismiss the complaint.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.

---

(90 Misc. Rep. 696)

### PENNSYLVANIA R. CO. v. REIFEL et al.

(Supreme Court, Appellate Term, First Department. June 28, 1915.)

1. CARRIERS ☞196—CARRIAGE OF FREIGHT—FREIGHT CHARGES—EVIDENCE.

In an action by a railroad company against the consignors of certain goods to recover freight charges, evidence as to plaintiff's agreement to accept goods on condition of collecting the freight charges from the consignee is inadmissible, as tending to vary the terms of the written bill of lading.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 879–887; Dec. Dig. ☞196.]

2. CARRIERS ☞196—CARRIAGE OF GOODS—FREIGHT CHARGES—ACTIONS.

In an action by a railroad company against the consignors of certain goods to recover freight charges, evidence *held* insufficient to sustain a finding that plaintiff accepted the goods on condition of collecting from the consignee.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 879–887; Dec. Dig. ☞196.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Pennsylvania Railroad Company against Frederick Reifel and another. From a judgment for defendants, plaintiff appeals. Reversed and remanded.

Argued June term, 1915, before GUY, BIJUR, and PAGE, JJ.

Burlingham, Montgomery & Beecher, of New York City (N. F. George, of counsel), for appellant.

John J. Pheelan, of New York City, for respondents.

BIJUR, J. Plaintiff brings suit for freight charges against defendants as the consignors of certain goods shipped from the city of New York to Bear Creek, N. C. The defense is that the goods were shipped on condition that the consignee should pay the freight charges and that plaintiff neglected to collect the same from the consignee.

[1] Plaintiff objected to the testimony attempted to be offered by defendants of plaintiff's agreement to accept the goods on con-

dition of collecting the freight charges from the consignee as being parol testimony tending to vary the terms of a written instrument, namely, the bill of lading; among other cases citing Portland Flouring Mills Co. v. British & Foreign Marine Ins. Co., Limited, 130 Fed. 860, 65 C. C. A. 344. I think that this objection was good and should have been sustained.

[2] But, apart therefrom, there is no evidence that any such parol agreement was made. The only witness on behalf of defendants testified that he had personally delivered these goods to plaintiff "to deliver them to the consignee and to pay for the charges." This is far from establishing an agreement on the part of the plaintiff to accept the goods on condition of collecting the freight charges from the consignee.

Further, defendants claim, as the bill of lading contains a printed instruction, "If charges are to be prepaid, write or stamp here 'To be prepaid,'" and there was no such stamp thereon, that this is proof of plaintiff's agreement; but the mere fact that charges were not to be prepaid does not establish an agreement on the part of the plaintiff to look to the consignee for payment of the freight.

Judgment reversed, and a new trial granted, with costs to appellant to abide the event. All concur. .